UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

In re JUNO THERAPEUTICS, INC.

CASE NO.:  C16-1069 RSM

**STIPULATED PROTECTIVE ORDER**

In connection with the production of confidential documents and other confidential information in this action, Plaintiffs Gilbert Hoang Nguyen and Susan Tan and Defendants Juno Therapeutics, Inc. ("Juno"), Hans E. Bishop, Steven D. Harr, and Mark J. Gilbert, through their respective counsel, enter into this Stipulated Protective Order for the Treatment of Designated Information.

## 1. PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The purpose of this Stipulated Protective Order is to provide a means for limiting access to, use, and disclosure of confidential material (as defined below) produced in this action while affording public disclosure to the greatest extent possible. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential material (as defined below) under seal.

## 2. "CONFIDENTIAL" MATERIAL

"Confidential" material shall include the following documents, deposition testimony, information, and other tangible or intangible items produced or otherwise exchanged:

> (i) non-public intellectual property or proprietary information, including, but not limited to, research, data, technical specifications, designs, processes, production methods, cost or pricing regarding any Juno product, or any communications concerning the foregoing;

> (ii) non-public communications concerning development, testing, or analyses of pre-clinical and clinical-stage pharmaceutical products;

> (iii) non-public communications with any governmental regulatory or supervisory agency, body or group;

> (iv) non-public clinical study data and analyses;

CRAVATH, SWAINE AND MOORE LLP
825 Eighth Avenue, New York, NY 10019-7475
Tel: (212) 474-1000 • Fax: (212) 474-3700

(v)     non-public information pertaining or referring to Juno's regulatory, financial, business development or marketing plans or practices that, if disclosed, could damage Juno's competitive position;

(vi)    non-public information obtained from a non-party pursuant to a non-disclosure agreement, or that the producing party is under a legal or contractual obligation to maintain as confidential;

(vii)   non-public personal, medical or financial information; or

(viii)  non-public terms of commercial agreements, licensing agreements, collaboration agreements, clinical trial agreements, sponsored research agreements, settlement agreements or communications pertaining to such agreements.

**3.     SCOPE**

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

**4.     ACCESS TO AND USE OF CONFIDENTIAL MATERIAL**

4.1     <u>Basic Principles</u>. A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2     <u>Disclosure of "CONFIDENTIAL" Material</u>. Unless otherwise ordered by the Court or permitted in writing by the designating party, a receiving party may disclose confidential material only to:

CRAVATH, SWAINE AND MOORE LLP
825 Eighth Avenue, New York, NY 10019-7475
Tel: (212) 474-1000 • Fax: (212) 474-3700

(a) the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including in-house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation;

(c) experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court, court personnel, and court reporters and their staff;

(e) copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(f) during their depositions, any witness to whom disclosure is reasonably necessary who is not otherwise permitted to view confidential material pursuant to this agreement and who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; or

(h) any mediator who the parties agree to use in the event the parties pursue mediation, and any such mediator's employees to whom disclosure is reasonably necessary for the mediation.

4.3 <u>Filing Confidential Material</u>. Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is

warranted. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

**5.      DESIGNATING PROTECTED MATERIAL**

5.1      <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2      <u>Manner and Timing of Designations</u>. Except as otherwise provided in this agreement (*see, e.g.*, section 5.2(a)), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a)      <u>Information in documentary form:</u> (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings) the designating party must affix the word "CONFIDENTIAL" to each page that contains confidential material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

CRAVATH, SWAINE AND MOORE LLP
825 Eighth Avenue, New York, NY 10019-7475
Tel: (212) 474-1000 • Fax: (212) 474-3700

        (b)   <u>Testimony given in deposition or in other pretrial proceedings</u>: the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as confidential. If a party or non-party desires to protect confidential material at trial, the issue should be addressed during the pre-trial conference.

        (c)   <u>Other tangible items</u>: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

    5.3   <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

    6.1   <u>Timing of Challenges</u>. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

    6.2   <u>Meet and Confer</u>. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other

STIPULATED PROTECTIVE ORDER       -5-        CRAVATH, SWAINE AND MOORE LLP
NO. C16-1069 RSM        825 Eighth Avenue, New York, NY 10019-7475
Tel: (212) 474-1000 • Fax: (212) 474-3700

affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3     Judicial Intervention. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the Court rules on the challenge.

## 7.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

(a)     promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

## 8.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the

CRAVATH, SWAINE AND MOORE LLP
825 Eighth Avenue, New York, NY 10019-7475
Tel: (212) 474-1000 • Fax: (212) 474-3700

person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**9.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision does not, however, alter the provisions of the parties' Stipulation Regarding Discovery of Electronically Stored Information. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

**10.    NON TERMINATION AND RETURN OF DOCUMENTS**

Within 60 days after the termination of this action, including all appeals, each receiving party must either return or destroy all confidential material to the producing party, including all copies, extracts, and summaries thereof. Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the Court; trial, deposition, and hearing transcripts; correspondence; deposition and trial exhibits; expert reports; attorney work product; and consultant and expert work product, even if such materials contain confidential material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.


IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: November 30, 2017            s/ Omar Jafri
                                                            Attorneys for Plaintiff


DATED: November 30, 2017            s/ Lauren Rosenberg
                                                            Attorneys for Defendant

PURSUANT TO STIPULATION, IT IS SO ORDERED.

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other proceeding in any other court, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

DATED: December 18, 2017

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on [date] in the case of *In re Juno Therapeutics, Inc.*, No. C16-1069 RSM. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

Dated: November 30, 2017

s/ Gregory L. Watts
Gregory L. Watts, WSBA #43995
**WILSON SONSINI GOODRICH & ROSATI, PC**
701 Fifth Avenue, Suite 5100
Seattle, Washington 98104
Tel:        (206) 883-2500
Fax:        (206) 883-2699
gwatts@wsgr.com

Nina F. Locker, *pro hac vice*
Ignacio E. Salceda, *pro hac vice*
Joni Ostler, *pro hac vice*
650 Page Mill Road
Palo Alto, CA 94304
Tel:     (650) 849-3457
Fax:     (650) 493-6811
nlocker@wsgr.com
isalceda@wsgr.com
jostler@wsgr.com

Daniel Slifkin
Karin A. DeMasi
Lauren M. Rosenberg
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, NY 10019
Tel:     (212) 474-1000
Fax:     (212) 474-3700
dslifkin@cravath.com
kdemasi@cravath.com
lrosenberg@cravath.com

*Attorney for Defendants Juno Therapeutics,
Inc., Hans E. Bishop, Steven D. Harr, and
Mark J. Gilbert*

s/ Cliff
Cantor
_____
By: Cliff Cantor, WSBA # 17893
**LAW OFFICES OF CLIFFORD A.
CANTOR, P.C.**
627 208th Ave. SE
Sammamish, WA 98074
Tel:     (425) 868-7813
Fax:     (425) 732-3752
cliff.cantor@outlook.com

*Plaintiffs' Liaison Counsel*

**POMERANTZ LLP**
Patrick V. Dahlstrom
Leigh H. Smollar
Omar Jafri
Ten South La Salle Street, Suite 3505
Chicago, Illinois 60603
Tel:     (312) 377-1181
Fax:     (312) 377-1184
pdahlstrom@pomlaw.com
lsmollar@pomlaw.com
ojafri@pomlaw.com

**POMERANTZ LLP**
Jeremy A. Lieberman
J. Alexander Hood II
600 Third Avenue, 20th Floor
New York, New York 10016
Tel:     (212) 661-1100
Fax:     (212) 661-8665
jalieberman@pomlaw.com
ahood@pomlaw.com

***Plaintiffs' Lead Counsel***