The Hon. Chief Judge Ricardo S. Martinez

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re JUNO THERAPEUTICS, INC. | No. C16-1069 RSM<br><br>**STIPULATED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>NOTE ON MOTION CALENDAR:<br>Thursday, Aug. 2, 2018 |



LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

## TABLE OF CONTENTS


I. INTRODUCTION ........ 1

II. SUMMARY OF THE LITIGATION AND SETTLEMENT ........ 3

A. The Litigation ........ 3

B. The Settlement ........ 4

III. PRELIMINARY APPROVAL OF THE SETTLEMENT IS WARRANTED ........ 4

A. Legal Standard ........ 4

B. The Proposed Settlement Is the Product of Serious, Informed, Non-Collusive Negotiations ........ 6

C. Each *Churchill* Factor Considered at This Stage Supports Preliminarily Approving the Settlement ........ 7

1. The strength of Plaintiff's case, risk of further litigation, and risk of maintaining class action status ........ 7

2. Amount offered in settlement ........ 9

3. Extent of discovery completed and the stage of the proceedings ........ 9

4. The experience and views of counsel ........ 10

IV. THE PROPOSED PLAN OF ALLOCATION SHOULD BE PRELIMINARILY APPROVED ........ 11

V. THE PROPOSED CLASS NOTICE SHOULD BE APPROVED ........ 11

VI. CONCLUSION ........ 14




LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

## TABLE OF AUTHORITIES

**Cases**

*Betorina v. Randstad*, 2017 WL 1278758, (N.D.Cal. Apr. 6, 2017) ....................................... 7

*Browning v. Yahoo! Inc.*, No. 04-1463, 2007 WL 4105971 (N.D. Cal. Nov. 16, 2007) ..........5

*Churchill Vill., L.L.C. v. Gen. Elect.*, 361 F.3d 566 (9th Cir. 2004)........................... 5, 7, 8, 10

*Class Plaintiffs v. City of Seattle*, 995 F.2d 1268 (9th Cir. 1992) ........................................... 5

*Dunakin v. Quigley*, No. 14-567, 2017 WL 123011 (W.D. Wash. Jan. 10, 2017) .................. 6

*Gragg v. Orange CAB Co., Inc.*, No. 12-576, 2017 WL 785170 (W.D. Wash. Mar. 1, 2017) .......................................................................................... 6

*Helde v. Knight Transportation, Inc.*, No. 12-904, Dkt. 191 (W.D. Wash. May 24, 2017)..... 6

*Ikuseghan v. Multicare Health Sys.*, No. 14-5539, 2016 WL 3976569 (W.D. Wash. July 25, 2016) ................................................................... 8, 9, 10

*In re Atmel Corp. Derv. Litig.*, No. 06-4592, 2010 U.S. Dist. LEXIS 145551 (N.D. Cal. Mar. 31, 2010) .............................................................................9

*In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935 (9th Cir. 2011) ....................... 5, 6, 7

*In re Heritage Bond Litig.*, No. 02-1475, 2005 WL 1594403 (C.D. Cal. June 10, 2005) .... 4, 9

*In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036 (N.D. Cal. 2008) ...................................9

*In re Oracle Sec. Litig.*, No. 90-931, 1994 WL 502054 (N.D. Cal. Jun. 18, 1994)................ 11

*In re Pac. Enters. Sec. Litig.*, 47 F.3d 373 (9th Cir. 1995) ................................................... 10

*Murillo v. Pac. Gas & Elec. Co.*, 266 F.R.D. 468 (E.D. Cal. 2010)........................................ 5

*Nat'l Rural Telecommc'ns Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523 (C.D. Cal. 2004).......... 5

*Officers for Justice v. Civil Serv. Comm'n of City & Cty. of S.F.*, 688 F.2d 615 (9th Cir. 1982)........................................................................................... 4, 9

*Rinky Dink, Inc. v. World Bus. Lenders, LLC*, No. 14-268, 2016 WL 4052588 (W.D. Wash. Feb. 3, 2016) ................................................................. 5, 6, 8, 9

*Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948 (9th Cir. 2009).................................. 6, 8, 10, 11

*Rosenburg v. I.B.M.*, No. No. 06-430, 2007 WL 128232 (N.D. Cal. Jan. 11, 2007).............. 11

*Sandoval v. Tharaldson Employee Mgmt., Inc.*, No. 08-482, 2010 WL 2486346 (C.D. Cal. June 15, 2010) .......................................................... 11

*Scott v. United Servs. Auto. Ass'n*, No. 11-1422, 2013 WL 12251170 (W.D. Wash. Jan. 7, 2013)................................................................................. 6



LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

*Staton v. Boeing Co.*, 327 F.3d 938 (9th Cir. 2003) .................................................................. 5

*Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943 (9th Cir. 1976) ............................................... 5

*Vizcaino v. Microsoft Corp.*, 290 F.3d 1043 (9th Cir. 2002).................................................... 6

*Wilson v. Maxim Healthcare Servs., Inc.*, No. 14-789, 2017 WL 2988289 (W.D. Wash. June 20, 2017)........................................................................................ 5

**Other**

Herbert Newberg & Alba Conte, Newberg on Class Actions (4th ed. 2002)........................... 5



LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

Class Plaintiffs Gilbert Hoang Nguyen ("Nguyen") and Susan Tan ("Tan") ("Class Plaintiffs"), individually and on behalf the Class, move this Court for Preliminary Approval of the Proposed Settlement Agreement and Notice to the Class on the Class's claims that Defendants Juno Therapeutics, Inc. ("Juno" or the "Company"), Hans E. Bishop, Steven D. Harr and Mark J. Gilbert (collectively, "Defendants"), violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").

Defendants stipulate that the Court should grant the relief sought in this motion.

## I. INTRODUCTION

Class Plaintiffs have reached an agreement to settle this action with Defendants regarding the alleged Exchange Act violations. Juno was a clinical-stage immunotherapy company that focused on the use of chimeric antigen receptor cells ("Car-T") to treat blood cancer. JCAR015 was an immunotherapy developed by Juno to treat a rare form of blood cancer known as Acute Lymphoblastic Leukemia. The Class alleges that Defendants made misrepresentations to investors regarding JCAR015 during the Class Period in violation of the Exchange Act. The terms of the Settlement are contained in the Stipulation of Settlement (the "Stipulation") attached as Appendix 1 ("App. 1") hereto.[1] Class Plaintiffs seek entry of an order:

- granting preliminary approval of the Settlement;
- approving the proposed form and method of giving Class Members notice of the Action and proposed Settlement;
- directing that notice be given in said proposed form and manner; and
- setting a hearing date for the final approval of the Settlement and proposed Plan of Allocation, entering Judgment dismissing the Action, awarding attorneys' fees and expenses to Class Counsel, and approving a reimbursement award to Class Plaintiffs.

The Settlement provides substantial benefits to the Class. In full and final settlement of all claims

---

[1] Unless otherwise noted, capitalized terms are defined in the Stipulation.



LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

asserted or referred to in the Action, Defendants agree to pay the Class $24,000,000 in cash.

The proposed Settlement addresses Class Plaintiffs' litigation objectives and falls well within the range of reasonable settlement outcomes. The Settlement was negotiated by lawyers experienced in complex litigation who had the benefit of two in-person mediation sessions with distinguished former U.S. District Court judges. For these reasons, the Settlement is fair, reasonable, and adequate, and the attached order (the "Preliminary Approval Order") should be entered by this Court (App. 1, Ex. B) and notice should be provided to the Class Members (App. 1, Ex. A).

The proposed Settlement now before the Court for preliminary approval provides for the payment of $24,000,000 in cash plus accruing interest for the benefit of the Class. The proposed Settlement would resolve all claims and all defenses as to all parties in this litigation. As discussed in detail below, Class Plaintiffs and Class Counsel submit that the proposed Settlement is in the best interest of the Class and represents a significant recovery, particularly in light of the significantly complex nature of this case. The Settlement was mediated by two former U.S. District Court Judges, the Hon. Layn R. Phillips and the Hon. Gary Feess. Accordingly, Class Plaintiffs respectfully move for preliminary approval of the proposed Settlement.

If preliminary approval is granted, Lead Plaintiff will notify Class members of the proposed Settlement by mailing the Notice of Proposed Settlement of Class Action, Motion for Attorneys' Fees and Expenses, and Final Approval Hearing ("Notice") and Proof of Claim and Release Form ("Proof of Claim") to them. The Notice advises Class members of (i) the essential terms of the proposed Settlement; (ii) the proposed plan for allocating the Settlement proceeds among Class members; (iii) Class Counsel's application for attorneys' fees of 25% of the Settlement Amount, and reimbursement of expenses not to exceed $500,000; and (iv) the application for a Compensatory Award to the Class Plaintiffs not to exceed $10,000 each. The Notice also sets forth the procedure for objecting to the proposed Settlement or opting out of the Class. The Stipulation also provides for a Summary Notice, which would be widely disseminated by Class Plaintiffs.



LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

## II. SUMMARY OF THE LITIGATION AND SETTLEMENT

### A. The Litigation

This Action was commenced on July 12, 2016, with the filing of a complaint (ECF No. 1) by Goce Veljanoski titled *Veljanoski v. Juno Therapeutics, Inc.*, *et al*., No. 16-1069 RSM, in this District. On October 19, 2016, the Court entered an order appointing Gilbert Hoang Nguyen as Lead Plaintiff ("Lead Plaintiff"), Pomerantz LLP as Lead Plaintiff's Counsel and the Law Offices of Clifford A. Cantor, P.C. as Liaison Counsel. Lead Plaintiff filed the Consolidated Amended Complaint ("CAC") on December 12, 2016, alleging violations of Sections 10(b) and 20(a) of the Exchange Act.

The CAC alleged misrepresentations and omissions by Defendants during the Class Period including: (1) allegedly failing to disclose the death of a patient in JCAR015's clinical trials, and (2) allegedly issuing materially false and misleading statements regarding subsequent patient deaths in JCAR015's clinical trials. The CAC further alleged that investors were harmed when the market learned of Defendants' misconduct, causing the share price of Juno to fall, thereby damaging investors.

On February 2, 2017, Defendants moved to dismiss the CAC. On June 14, 2017, the Court denied Defendants' motion to dismiss. On September 15, 2017, Nguyen and Tan moved to certify the Class. On October 24, 2017, the Court granted Class Plaintiffs' Motion for Certification, and certified the following class:

> All persons or entities that purchased or otherwise acquired the publicly traded common stock of Juno, from June 4, 2016 to November 22, 2016, both dates inclusive, and who were damaged thereby.

Excluded from the Class are any Parties who are or have been Defendants in this litigation, the present and former officers and directors of Juno and any subsidiary thereof, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which any current of former Defendant has or had a controlling interest.

The parties subsequently engaged in extensive discovery, including Class Plaintiffs'



LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

review of nearly 40,000 documents that Defendants produced.

**B. The Settlement**

Class Counsel and counsel for Defendants have engaged in arm's-length negotiations to settle the claims in this Action. These negotiations included extensive mediation briefing and evidentiary proffers, as well as two in-person mediation sessions. The first session was overseen by the Hon. Layn R. Phillips (ret.) with the assistance of the Hon. Gary Feess (ret.) on March 9, 2018. After additional mediation briefing and evidentiary proffers, a second session was held on May 9, 2018 with the Hon. Gary Feess (ret.). The parties reached an agreement during the second mediation session based on the mediators' recommendation.

Class Plaintiffs believe that the claims asserted in the litigation are strong and that investigation and discovery have unearthed sufficient evidence to support their claims. Nevertheless, the expense and length of continued proceedings necessary to prosecute the litigation through trial and appeals carries significant risk given the complexity of the case and the defenses raised by the Defendants. The Settlement represents a significant portion of recoverable damages, well within the range deemed reasonable by federal courts. Depending on the methodology one uses for calculating aggregate damages, losses here were estimated between $148 million and $247 million by Plaintiffs' damages consulting expert. The $24,000,000 Settlement, therefore, represents a recovery of 9.91% to 16.22% of the estimated losses, which is above the median percentage of recoveries in securities class action settlements.

**III. PRELIMINARY APPROVAL OF THE SETTLEMENT IS WARRANTED.**

**A. Legal Standard**

Federal Rule of Civil Procedure 23(e) requires judicial approval of any compromise of claims brought on a class-wide basis. Fed. R. Civ. P. 23(e) ("The Claims . . . of a certified class may be settled . . . only with the court's approval."). "In deciding whether to approve a proposed settlement, the Ninth Circuit has a 'strong judicial policy that favors settlements, particularly where complex class action litigation is concerned.'" *In re Heritage Bond Litig.*, No. 02-1475, 2005 WL 1594403, at *2 (C.D. Cal. June 10, 2005); *see also Officers for Justice v. Civil Serv. Comm'n of*



LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

*City & Cty. of S.F.*, 688 F.2d 615, 625 (9th Cir. 1982). "[T]here is an overriding public interest in settling and quieting litigation," which is "particularly true in class action suits." *Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943, 950 (9th Cir. 1976); *see also Browning v. Yahoo! Inc.*, No. 04-1463, 2007 WL 4105971, at *13 (N.D. Cal. Nov. 16, 2007) ("public and judicial policies strongly favor settlement of class action suits").

Approval of a class action settlement requires two stages of judicial approval: (i) preliminary approval, followed by the distribution of notice to the class and (ii) final approval. *Murillo v. Pac. Gas & Elec. Co.*, 266 F.R.D. 468, 473 (E.D. Cal. 2010) ("Procedurally, the approval of a class action settlement takes place in two stages."); *see also Nat'l Rural Telecommc'ns Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 525 (C.D. Cal. 2004).

At the preliminary approval stage, the court determines whether the "proposed settlement [is] within the range of final approval" such that notice should be disseminated to the class. *Rinky Dink, Inc. v. World Bus. Lenders, LLC*, No. 14-268, 2016 WL 4052588, at *4 (W.D. Wash. Feb. 3, 2016) (Coughenour, J.); *see also* Herbert Newberg & Alba Conte, Newberg on Class Actions § 11.25 at 3839 (4th ed. 2002).

While the Ninth Circuit has a "strong judicial policy" favoring settlement of class actions, *Class Plaintiffs v. City of Seattle*, 995 F.2d 1268, 1276 (9th Cir. 1992), before the Court preliminarily approves a class action settlement, it "has a responsibility to review a proposed class action settlement to determine whether the settlement is 'fundamentally fair, adequate, and reasonable,'" *Wilson v. Maxim Healthcare Servs., Inc.*, No. 14-789, 2017 WL 2988289, at *1 (W.D. Wash. June 20, 2017) (Lasnik, J.) (quoting *Staton v. Boeing Co.*, 327 F.3d 938, 959 (9th Cir. 2003)); Fed. R. Civ. P. 23(e).

Courts generally look to two guideposts in deciding whether to preliminarily approve the settlement: (1) whether there are any signs of collusion between class counsel and the defendants, and (2) whether the so-called *Churchill* factors suggest the settlement is fair. *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 946–47 (9th Cir. 2011) (quoting *Churchill Vill., L.L.C. v. Gen. Elect.*, 361 F.3d 566, 575 (9th Cir. 2004)). At the preliminary approval stage, this Court



LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

can conduct a "less searching" inquiry than at final approval, and "seek[] merely to identify any 'glaring deficiencies' prior to sending notice to class members." *Rinky Dink, Inc.*, 2016 WL 4052588, at *4.

**B. The Proposed Settlement Is the Product of Serious, Informed, Non-Collusive Negotiations**

The proposed Settlement is the result of extensive adversarial litigation and arm's-length negotiations facilitated by neutral third-party mediators. "A presumption of fairness and adequacy attaches to a class action settlement reached in arm's-length negotiations by experienced class counsel after meaningful discovery." *Dunakin v. Quigley*, No. 14-567, 2017 WL 123011, at *2 (W.D. Wash. Jan. 10, 2017) (Robart, J.); *see also Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009) ("We put a good deal of stock in the product of an arms-length, non-collusive, negotiated resolution."); *Helde v. Knight Transportation, Inc.*, No. 12-904, Dkt. 191 at 2 (W.D. Wash. May 24, 2017) (Lasnik, J.) (granting preliminary approval where "Settlement Agreement resulted from extensive arm's-length negotiations, with participation of an experienced mediator"); *Gragg v. Orange CAB Co., Inc.*, No. 12-576, 2017 WL 785170, at *1 (W.D. Wash. Mar. 1, 2017) (Lasnik, J.) (same). Here, the parties reached a settlement only after a mediator's proposal was evaluated and ultimately accepted by the parties.

None of the factors identified by the Ninth Circuit as "signs" of a potentially collusive settlement are present here—(1) "when counsel receive a disproportionate distribution of the settlement, or when the class receives no monetary distribution but class counsel are amply rewarded," (2) "when the parties negotiate a 'clear sailing' arrangement," and (3) "when the parties arrange for fees not awarded to revert to defendants rather than be added to the class fund." *In re Bluetooth*, 654 F.3d at 947.

Class Counsel will seek the standard benchmark for fees in this Circuit, 25% of the Settlement Amount, *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048 (9th Cir. 2002). Apart from a modest request for reimbursement of time and expenses by Class Plaintiffs, no class member will be given preferential treatment at the expense of another. *See Scott v. United Servs. Auto.*



LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

*Ass'n*, No. 11-1422, 2013 WL 12251170, at *1 (W.D. Wash. Jan. 7, 2013) (Coughenour, J.) (noting preliminary approval generally granted absent "obvious deficiencies, such as unduly preferential treatment of class representatives or of segments of the class") (citations omitted). Nor does the stipulation contain a "clear sailing" provision. *In re Bluetooth*, 654 F.3d at 947 (defining clear sailing provisions). Any Class Member is free to object to Class Plaintiffs' benchmark fee request. Finally, no portion of the settlement funds will be transferred back to the Defendants.

In short, the Settlement is fair, reasonable, adequate, and a product of arm's-length negotiations, lacks signs of collusion and lacks signs of any other deficiency.

### C. Each *Churchill* Factor Considered at This Stage Supports Preliminarily Approving the Settlement

Courts in the Ninth Circuit assessing a proposed class action settlement also weigh the various *Churchill* factors. These are:

> (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members of the proposed settlement.

*In re Bluetooth*, 654 F.3d at 946 (quoting *Churchill*, 361 F.3d at 575). Here, the last two factors are not applicable because a government participant is not present in this Action, and the Court cannot assess the reaction of the other Class Members to the proposed Settlement until the Final Approval Hearing is held. However, the remaining *Churchill* factors strongly weigh in favor of preliminary approval.

#### 1. The strength of Plaintiff's case, risk of further litigation, and risk of maintaining class action status

Courts typically examine the first three *Churchill* factors together, and each supports preliminary approval of the settlement. *See Betorina v. Randstad*, 2017 WL 1278758, at *5 (N.D.Cal. Apr. 6, 2017), (analyzing the first three *Churchill* factors together). Although Class



LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

Plaintiffs are confident in the strength of their case and believe they would ultimately prevail at trial, Class Plaintiffs still recognize that the risks inherent in further litigation are not insignificant. This is a complex case that involves complicated assessments about the root cause of patient deaths in novel clinical trials that seek to treat terminally-ill patients. Documentary and expert evidence that the parties may present at trial will be similarly complex, and Class Plaintiffs recognize that evidence produced in discovery may be susceptible to different interpretations, including an interpretation favorable to Defendants' arguments regarding whether they made any materially false and misleading statements or acted with the requisite state of mind (scienter). In addition, the parties fiercely dispute the amount of damages and the method by which those damages are calculated. Class Plaintiffs recognize the risk that a fact finder may find in favor of Defendants on the amount of damages or the method by which those damages are calculated. *See Rinky Dink*, 2016 WL 4052588, at *5 (finding preliminary approval appropriate when considering the expense of the "additional depositions, expert work, and motion work [that] would have to be completed before trial").

Even if Class Plaintiffs won on the merits at trial, Defendants' inevitable appeals would take years, and delay relief to the Class or eventually prevent any recovery. *See Rodriguez*, 563 F.3d at 966 ("Inevitable appeals would likely prolong the litigation, and any recovery by class members, for years. This factor, too, favors the settlement."); *Ikuseghan v. Multicare Health Sys.*, No. 14-5539, 2016 WL 3976569, at *4 (W.D. Wash. July 25, 2016) (Settle, J.) ("[T]he outcome of trial and any appeals are inherently uncertain and involve significant delay. The Settlement avoids these challenges.").

Hence, the strength of Class Plaintiffs' case balanced against the risk and expense of litigation strongly weighs in favor of preliminary approval. *Rinky Dink*, 2016 WL 4052588, at *5 (finding first three *Churchill* factors supported preliminary approval when plaintiffs were confident in their case but continuing to litigate risked losing class certification and was "inherently expensive"); *Ikuseghan*, 2016 WL 3976569, at *4 ("Absent the proposed Settlement, Class Members would likely not obtain relief, if any, for a period of years.").



LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

**2. Amount offered in settlement**

The amount in favor of the Settlement also weighs in favor of preliminary approval. Courts typically weigh the relief obtained in the settlement against the possible relief that could be obtained at trial. *See, e.g. Ikuseghan*, 2016 WL 3976569, at *4 (comparing value obtained in TCPA settlement against possible recovery at trial). That being said, if the amount offered in settlement is small compared to the possible recovery at trial, that does not in and of itself mean the settlement should be rejected. *Officers for Justice v. Civil Serv. Comm'n of City & Cty. of San Francisco*, 688 F.2d 615, 628 (9th Cir. 1982) ("[A] cash settlement amounting to only a fraction of the potential recovery will not per se render the settlement . . . unfair").

The $24,000,000 proposed Settlement represents a significant percentage of the total damages that could be recovered at trial. Plaintiffs' expert damages consultant employed multiple trading models used by economists to estimate aggregate damages, which calculated losses here in a range between $148 million and $247 million. The Settlement constitutes a recovery between 9.91% and 16.22% of the potential total damages, which is above the median percentage of investor losses recovered in securities class action settlements. *See In re Atmel Corp. Derv. Litig.*, No. 06-4592, 2010 U.S. Dist. LEXIS 145551, at *41 (N.D. Cal. Mar. 31, 2010) (noting that Cornerstone Research's study shows that settlements in securities class actions as a percentage of estimated damages totaled 2.4% in 2006); *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1042 (N.D. Cal. 2008) (approving 6% recovery of maximum damages) (citing *In re Heritage Bond Litig.*, No. 02-1475, 2005 WL 1594403, at *8-*9 (C.D. Cal. Jun. 10, 2005) (average recovery between 2% to 3% of maximum damages)).

For these reasons, the relief secured by this Settlement warrants its approval.

**3. Extent of discovery completed and the stage of the proceedings**

Next, the extent of discovery completed and the stage of the proceedings demonstrate that the parties "had enough information to make an informed decision about the strength of their cases and the wisdom of settlement." *Rinky Dink*, 2016 WL 4052588, at *5. Defendants deposed the Class Plaintiffs and their damages expert before the Court certified the Class. In response to


LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

Plaintiffs' requests for the production of documents, Defendants produced over 50,000 documents. Plaintiffs reviewed, at least, 40,000 documents or a total number of 133,942 pages. In addition, Class Plaintiffs served third-party subpoenas on the Company's Data Safety Monitoring Board, the U.S. Food and Drug Administration and certain hospitals that served as clinical sites for JCAR015's Phase II/ROCKET trial.

The parties also participated in two in-person mediations after more than a year of litigation, and after the Court had already certified the Class. The parties submitted multiple briefs, including documents produced by Defendants, to the mediator to more fully explain their positions and their views of the case. It was only after two mediations, and through additional informal discussions between counsel, that the Settlement was reached. Thus, the parties were fully informed about all significant issues, and capable of assessing the benefits of the proposed Settlement. *See Ikuseghan*, 2016 WL 3976569, at *3 (approving settlement reached "between experienced attorneys who are familiar . . . with the legal and factual issues of this case in particular"). Thus, this factor supports preliminary approval.

**4. The experience and views of counsel**

The final *Churchill* factor also demonstrates that the proposed Settlement warrants preliminary approval. Class Counsel have over 35 combined years of experience and expertise in litigating securities actions. Class Plaintiffs were consulted throughout the litigation, and had ample opportunity to assess the strengths of the claims in which to appraise the sufficiency of the Settlement, which they approved. *See, e.g.*, *Rodriguez*, 563 F.3d at 967 ("[P]arties represented by competent counsel are better positioned than courts to produce a settlement that fairly reflects each party's expected outcome in litigation.") (citing *In re Pac. Enters. Sec. Litig.*, 47 F.3d 373, 378 (9th Cir. 1995)); *Ikuseghan*, 2016 WL 3976569, at *4 (considering that class counsel, "who are experienced and skilled in class action litigation, support the [s]ettlement as fair, reasonable, and adequate, and in the best interests of the [c]lass as a whole," and approving settlement).

It is Class Counsel's informed opinion that the Settlement represents a meaningful recovery given the risks of further litigation, and that preliminary approval should be granted to gauge the



LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

reaction of absent Class Members. Indeed, each *Churchill* factor that can be considered warrants the Settlement's preliminary approval, and, therefore, the Court should preliminarily approve the Settlement.

## IV. THE PROPOSED PLAN OF ALLOCATION SHOULD BE PRELIMINARILY APPROVED

The proposed Plan of Allocation, which is detailed in the Notice to be mailed to Class Members, will govern how the Settlement proceeds will be distributed among Settlement Class Members who timely file a Claim Form. Courts in this Circuit typically approval a plan of allocation, so long as "the proposed plan is rationally related to the relative strengths and weaknesses of the respective claims asserted." *Rosenburg v. I.B.M.*, No. CV06-00430PJH, 2007 WL 128232, at *5 (N.D. Cal. Jan. 11, 2007); *see also In re Oracle Sec. Litig.*, C-90-0931, 1994 WL 502054, at *1 (N.D. Cal. Jun. 18, 1994) (reasonable to allocate more to class members with stronger claims). The proposed Plan of Allocation was prepared by Class Counsel together with their expert damages consultant and rationally reflects the causes of action asserted in this case. The proposed Plan of Allocation will result in a fair and equitable distribution of the proceeds among Class members who submit valid claims, as all Class members are treated equally under the plan with each receiving no more, or less, than their pro rata share based on their recognized losses.

## V. THE PROPOSED CLASS NOTICE SHOULD BE APPROVED

Rule 23(c)(2)(B) of the Federal Rules of Civil Procedure requires that notice of a settlement be "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." *See also* Fed. R. Civ. P. 23(e)(1) ("The court must direct notice in a reasonable manner to all class members who would be bound by the propos[ed settlement]."). Moreover, "[n]otice is satisfactory if it 'generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard.'" *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 962 (9th Cir. 2009); *see also Sandoval v. Tharaldson Employee Mgmt., Inc.*, No. EDCV 08-482-VAP(OP), 2010 WL 2486346,



LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

at *11 (C.D. Cal. June 15, 2010) ("The notice must explain in easily understood language the nature of the action, definition of the class, class claims, issues and defenses, ability to appear through individual counsel, procedure to request exclusion, and binding nature of a class judgment.").

Here, the parties negotiated the form of the Notice to be disseminated to all persons and entities who fall within the definition of the Settlement Class and whose names and addresses have been or can be identified through Juno's transfer records and shareholder information. In addition, the Settlement Administrator will mail copies of the Notice to entities which commonly hold securities in "street name" as nominees for the benefit of their customers who are the beneficial purchasers of the securities. The parties further propose to supplement the mailed Notice with the Summary Notice of Proposed Settlement of Class Action ("Summary Notice")—an additional description of the action and proposed Settlement to be published in a national business internet newswire. Class Counsel will also make copies of the Notice and Proof of Claim available for download via the website created for the Settlement. The address for the website is set forth in both the Notice and Summary Notice. In addition to providing access to the Notice and Summary Notice, the website will provide copies of the operative complaint and other important pleadings, as well as important information regarding the action and the proposed Settlement.

In addition, Rule 23(h)(1) requires that "[n]otice of the motion [for attorneys' fees] must be served on all parties and, for motions by class counsel, directed to class members in a reasonable manner." The proposed Notice satisfies the requirements of Rule 23(h)(1), as it notifies Class Members that Class Counsel will apply to the Court for attorneys' fees in the amount of twenty-five percent (25%) of the Settlement Amount, and for reimbursement of reasonable litigation expenses not to exceed $500,000 to be paid from the Settlement Fund. The Notice also notes the application for a Compensatory Award not to exceed $10,000 to each of the Class Plaintiffs for the time spent consulting with Class Counsel throughout the litigation to date.

The proposed Notice includes all of the information required by the PSLRA, Federal Rules of Civil Procedure, and Due Process. The proposed Notice describes the proposed Settlement and



LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

sets forth, among other things: (1) the nature, history, and status of the litigation; (2) the definition of the Court-certified Settlement Class and who is excluded; (3) the reasons the parties have proposed the Settlement; (4) the amount of the Settlement Fund; (5) the estimated average distribution per damaged share; (6) the Settlement Class's claims and issues; (7) the parties' disagreement over damages and liability; (8) the maximum amount of attorneys' fees and expenses that Class Counsel intend to seek in connection with final Settlement approval; (9) the maximum amount Class Counsel will request for reimbursement of costs and expenses; and (10) the plan for allocating the Settlement proceeds to the Settlement Class.

Further, the proposed Notice discusses the rights Settlement Class Members have in connection with the Settlement, including (1) the right to request exclusion from the Settlement Class and the manner for submitting a request for exclusion; (2) the right to object to the Settlement, or any aspect thereof, and the manner for filing and serving an objection; and (3) the right to participate in the Settlement and instructions on how to complete and submit a Proof of Claim to the Settlement Administrator. The Notice also provides contact information for Class Counsel and counsel for Defendants, as well as the postal address for the Court.

As detailed above, the notice program proposed in connection with the Settlement and the form and content of the Notice and Summary Notice more than satisfy all applicable requirements of both the Federal Rules of Civil Procedure and the PSLRA. Accordingly, in granting preliminary approval of the Settlement, Class Plaintiffs respectfully request that the Court also approve the proposed form and method of giving notice to the Class.

**Proposed Schedule of Events**

Class Plaintiffs respectfully propose the following procedural schedule:

| | |
|---|---|
| Notice mailed to Class and published on a national business newswire | 14 calendar days after entry of the Preliminary Approval Order |
| Summary Notice published | 10 calendar days after the mailing of the Notice |



LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

| | |
|---|---|
| Deadline for papers in support of settlement, fee and expense award, and compensatory award | 30 calendar days prior to the Final Approval Hearing |
| Objection Deadline | 14 calendar days prior to the Final Approval Hearing |
| Opt-Out Deadline | 14 calendar days prior to Final Approval Hearing |
| Deadline for response to objections and other reply papers in support of Settlement | 7 calendar days prior to the Final Approval Hearing |
| Final Approval Hearing | To be determined by the Court, approximately 100 days after entry of the Preliminarily Approval Order |
| Deadline to file Proofs of Claims | 10 calendar days prior to the Final Approval Hearing |

## VI. CONCLUSION

Based on the foregoing, Class Plaintiffs respectfully request that the Court enter the proposed Preliminary Approval Order approving the Settlement and providing for notice, which will: (i) preliminarily approve the Settlement; (ii) approve the form and manner of giving notice of the Settlement to the Settlement Class; and (iii) set a Final Approval Hearing date and time to consider final approval of the Settlement and related matters and establish a schedule for various deadlines in connection with the Settlement.

Defendants stipulate that the Court should grant the relief sought in this motion.

Dated: Aug. 2, 2018 Respectfully Submitted,

For Plaintiffs:

s/ Cliff Cantor
By: Cliff Cantor, WSBA # 17893
**LAW OFFICES OF**
**CLIFFORD A. CANTOR, P.C.**
627 208th Ave. SE

For Defendants:

s/ Robert Sulkin
By: Robert M. Sulkin, WSBA # 15425
Malaika M. Eaton
Claire Martirosian



LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

Sammamish, WA 98074
Tel: (425) 868-7813
Fax: (425) 732-3752
Email: cliff.cantor@outlook.com

***Plaintiffs' Liaison Counsel***

**POMERANTZ LLP**
Patrick V. Dahlstrom
Leigh H. Smollar
Omar Jafri
10 South LaSalle Street, Suite 3500
Chicago, IL 60603
Tel: (312) 377-1181
Fax: (312) 229-8811
Email: migross@pomlaw.com
lsmollar@pomlaw.com
ojafri@pomlaw.com

***Lead Counsel for Plaintiffs***

**MCNAUL EBEL NAWROT & HELGREN PLLC**
600 University Street, Suite 2700
Seattle, WA 98101-3143
Tel: (206) 467-1816
Email: rsulkin@mcnaul.com
meaton@mcnaul.com
cmartirosian@mcnaul.com

**CRAVATH, SWAINE & MOORE LLP**
Daniel Slifkin
Karin A. DeMasi
Lauren M. Rosenberg
825 Eighth Ave.
New York, NY 10019
Tel: (212) 474-1000
Fax: (212) 474-3700
Email: dslifkin@cravath.com
kdemasi@cravath.com
lrosenberg@cravath.com

***Attorneys for Defendants Juno Therapeutics, Inc., Hans E. Bishop, Steven D. Harr, and Mark J. Gilbert***

Certificate of Service

I certify that, on the date stamped above, I caused this document and its accompanying declaration, exhibits, and proposed order to be filed with the Clerk of the Court using the CM/ECF system, which will cause notification of filing to be emailed to counsel of record for all parties.

s/ *Cliff Cantor*, WSBA # 17893