1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

In re JUNO THERAPEUTICS, INC.

No. C16-1069-RSM

**PRELIMINARY APPROVAL ORDER**

WHEREAS, the parties to the above-entitled action (the "Action") entered into a Stipulation of Settlement dated July 31, 2018 (the "Stipulation" or "Settlement"), which is subject to review by this Court and which, together with the Exhibits thereto, sets forth the terms and conditions for the Settlement of the claims alleged in the Action; and the Court having read and considered the Stipulation and the accompanying documents, including the Motion for Preliminary Approval of Class Action Settlement; and the parties to the Stipulation having consented to the entry of this Order; and all capitalized terms used herein having the meanings defined in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED,

The Court preliminarily finds that:

(a)     the Settlement resulted from informed, extensive arm's-length negotiations, including mediation under the direction of experienced mediators;

PRELIMINARY APPROVAL ORDER
No. C16-1069 RSM

-1-

(b)     the Settlement is sufficiently fair, reasonable, and adequate to warrant providing notice of the Settlement to the Class; and

(c)     reaffirms the Class:  all persons or entities who purchased or acquired shares of Juno's common stock between June 4, 2016 and November 22, 2016, both dates inclusive, and who were damaged thereby, and excluding from the Class Defendants, the officers and directors of Juno, at all relevant times, members of their immediate families and their legal representatives, heirs, successors, or assigns and any entity in which Defendants have or had a controlling interest, is certified solely for purposes of this Settlement.

2.     A hearing (the "Final Approval Hearing") is hereby scheduled to be held before the Court on November 16, 2018, at 11:00am to determine:

(a)     whether the Settlement, on the terms and conditions provided for in the Stipulation, should be finally approved by the Court as fair, reasonable and adequate;

(b)     whether the Judgment substantially in the form attached as Exhibit E to the Stipulation should be entered, dismissing the Action on the merits and with prejudice, and whether the Release of the Released Persons as set forth in the Stipulation should be ordered;

(c)     whether the Court should permanently enjoin and bar the assertion of any Released Claims;

(d)     whether the Fee and Expense Application submitted by Class Counsel should be approved;

(e)     whether the proposed Plan of Allocation should be approved;

(f)     whether any Class Member's timely objection to the Settlement, the Fee and Expense Application, and/or the proposed Plan of Allocation should be sustained; and

(g)     such other matters as the Court may deem necessary or appropriate.

3.     The Court reserves the right to approve the Settlement with or without modification and with or without further notice to the Class and may adjourn the Final Approval Hearing without further notice to the Class.  The Court reserves the right to enter the Judgment

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813  •  Fax: (425) 732-3752

approving the Settlement regardless of whether it has approved the proposed Plan of Allocation, or Class Counsel's request for an award of attorneys' fees and expenses.

4.     The Court approves the form, substance and requirements of the Notice of Proposed Settlement of Class Action, Motion for Attorneys' Fees and Expenses, and Final Approval Hearing (the "Notice"), the Summary Notice of Proposed Settlement of Class Action (the "Summary Notice"), and the Proof of Claim and Release Form (the "Proof of Claim") annexed hereto as Exhibits A, C and D, respectively.

5.     The Court approves the appointment of A.B. Data, Ltd. as the Settlement Administrator.

(a)     The Settlement Administrator shall cause the Notice and the Proof of Claim, substantially in the forms annexed hereto, to be mailed, by First-Class Mail, postage prepaid, within fourteen (14) calendar days of the entry of this Order, to all Class Members who can be identified with reasonable effort.  Within five (5) calendar days of this Order, Juno, at its expense, shall promptly make, or cause to be made, the last known addresses of Class Members, or other identifying information, as set forth in the books and records regularly maintained by the Company or its transfer agent, available to the Settlement Administrator for the purpose of identifying and giving notice to the Class.

(b)     The Settlement Administrator shall cause the Summary Notice to be published in a national business internet newswire, substantially in the form annexed hereto, within ten (10) calendar days after the mailing of the Notice.

6.     Class Counsel shall, at least fourteen (14) calendar days before the Final Approval Hearing, file with the Court and serve on the settling Parties proof of mailing of the Notice and Proof of Claim and proof of publication of the Summary Notice.

7.     The form and content of the Notice and the Summary Notice, and the method set forth herein of notifying the Class of the Settlement and its terms and conditions, meet the requirements of the Federal Rules of Civil Procedure and due process, constitute the best notice

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

8.      In order to be entitled to participate in the Net Settlement Fund, in the event the Settlement is consummated in accordance with its terms set forth in the Stipulation, each Class Member shall take the following actions and be subject to the following conditions:

(a)      Each Person claiming to be an Authorized Claimant shall be required to submit to the Settlement Administrator no later than ten (10) calendar days prior to the Final Approval Hearing a completed Proof of Claim, substantially in a form contained in Exhibit D attached hereto and as approved by the Court, signed under penalty of perjury.

(b)      Except as otherwise ordered by the Court, all Class Members who fail to timely submit a Proof of Claim within such period, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to the Stipulation and the Settlement set forth therein, but will in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained therein, and the Judgment. Notwithstanding the foregoing, Class Counsel may, in their discretion, accept for processing late submitted claims so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed, but shall incur no liability for declining to accept a late-submitted claim.

(c)      As part of the Proof of Claim, each Class Member shall submit to the jurisdiction of this Court with respect to the claim submitted, and shall (subject to effectuation of the Settlement) release all Released Claims as provided in the Stipulation.

9.      Class Members shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable, unless they request exclusion from the Class in a timely and proper manner, as hereinafter provided.  A Class Member wishing to make such request shall, no later than fourteen (14) calendar days prior to the date scheduled herein for the Final Approval Hearing, mail a request for exclusion in written form by First-Class Mail postmarked to the address designated in the Notice.  Such request for exclusion shall indicate the name, address and telephone number of the person seeking exclusion, that the person requests to be excluded from

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

the Settlement, and must be signed by such person. Such persons requesting exclusion are also requested to state the number of shares of Juno common stock they purchased or acquired that are subject to this Action. The request for exclusion shall not be effective unless it is made in writing within the time stated above, and the exclusion is accepted by the Court. Class Members requesting exclusion from the Class shall not be entitled to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice.

10. The Court will consider objections to the Settlement, the proposed Plan of Allocation, and/or the award of attorneys' fees and expenses. To the extent any person wants to object, such objections and any supporting papers, accompanied by proof of Class membership (*i.e.*, confirmations of all purchases and sales during the Class Period), shall be filed with the Clerk of the Court, United States District Court for the Western District of Washington, 700 Stewart St., Suite 2310, Seattle, WA 98101, and served upon Class Counsel no later than fourteen (14) calendar days prior to the date scheduled herein for the Final Approval Hearing. Copies of the objections and supporting documents for Class Counsel shall be served upon Leigh Handelman Smollar, Esq., Pomerantz LLP, 10 S. LaSalle Street, Chicago, IL 60603. Persons who intend to object to the Settlement, the proposed Plan of Allocation, and/or the request for an award of attorneys' fees and expenses and desire to present evidence at the Final Approval Hearing must include in their written objections copies of any exhibits they intend to introduce into evidence at the Final Approval Hearing. If an objector hires an attorney to represent him, her or it for the purposes of making an objection, the attorney must both effect service of a notice of appearance on counsel listed above and file it with the Court by no later than fourteen (14) calendar days prior to the Final Approval Hearing. A Class Member who files a written objection does not have to appear at the Final Approval Hearing for the Court to consider his, her or its objection. Any Class Member who does not make his, her, or its objection in the manner provided shall be deemed to have waived such objection and shall be foreclosed from making any objection to the fairness or adequacy of the Settlement set forth in the Stipulation, to the proposed Plan of Allocation, or to the award of attorneys' fees and expenses to Class Counsel.

PRELIMINARY APPROVAL ORDER
No. C16-1069 RSM

-5-

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

1    11.    All papers in support of the Settlement, the proposed Plan of Allocation, and any

2    application by Class Counsel for attorneys' fees and expenses shall be filed thirty (30) calendar

3    days prior to the Final Approval Hearing.  All reply papers shall be filed and served at least seven

4    (7) calendar days prior to the Final Approval Hearing.

5    12.    All funds held by the Escrow Agent shall be deemed and considered to be *in*

6    *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such

7    time as such funds shall be distributed pursuant to the Stipulation and/or further order of the Court.

8    13.    Defendants' counsel and Class Counsel shall promptly furnish each other with

9    copies of any and all objections that come into their possession.

10    14.    Pending final determination of whether the Settlement should be approved,

11    Plaintiffs, all Class Members, and each of them, and anyone who acts or purports to act on their

12    behalf, shall not institute, commence, maintain or prosecute, and are hereby barred and enjoined

13    from instituting, commencing, maintaining or prosecuting, any action in any court or tribunal

14    asserting any of the Released Claims against any of the Released Person.

15    15.    All reasonable expenses incurred in identifying and notifying Class Members, as

16    well as administering the Settlement Fund, shall be paid as set forth in the Stipulation.  In the

17    event the Settlement is not approved by the Court, or otherwise fails to become effective, neither

18    Plaintiffs nor any of their counsel shall have any obligation to repay any amounts actually and

19    properly disbursed, or due and owing from the Settlement Fund as provided for in the Stipulation.

20    16.    If any specified condition to the Settlement set forth in the Stipulation is not

21    satisfied and Plaintiffs or Defendants elect to terminate the Settlement then, in any such event,

22    the Stipulation, including any amendment(s) thereof, shall be null and void, of no further force or

23    effect without prejudice to any party, and may not be introduced as evidence or referred to in any

24    action or proceedings by any person or entity for any purpose, and each party shall be restored to

25    his, her or its respective position as it existed on May 9, 2018.

26    17.    The Court may adjourn or continue the Final Approval Hearing without further

27    written notice.

PRELIMINARY APPROVAL ORDER
No. C16-1069 RSM

-6-

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

18.     The Court retains exclusive jurisdiction over this Action to consider all further matters arising out of or connected with the Settlement.  The Court may approve the Settlement, with such modifications as may be agreed by the Settling Parties, if appropriate, without further notice to the Class.

Dated:  August 8, 2018

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752