The Hon. Chief Judge Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IN RE JUNO THERAPEUTICS INC.

No. C16-1069-RSM

**CLASS PLAINTIFFS' MOTION FOR (i) AWARD OF ATTORNEYS' FEES, (ii) REIMBURSEMENT OF LITIGATION EXPENSES, AND (iii) CLASS PLAINTIFF AWARDS**

NOTE ON MOTION CALENDAR:
Friday, November 16, 2018 at 11:00 a.m.

ORAL ARGUMENT REQUESTED



LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074
Tel (425) 868-7813 • Fax (425) 732-3752

**TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................... 1

II. THE "PERCENTAGE OF THE FUND" APPROACH IS APPROPRIATE FOR AWARDING ATTORNEYS' FEES ..................................................................... 2

A. The Guiding Principle for Fee Awards ............................................. 2

B. The Percentage-of-the-Fund Approach ............................................. 2

C. The Ninth Circuit Benchmark Award In 25% ..................................... 3

III. A BENCHMARK AWARD OF 25% OF THE SETTLEMENT AMOUNT IS REASONABLE IN THIS CASE ..................................................................... 4

A. Factors for Determining Reasonableness ........................................... 4

B. Class Counsel Achieved an Excellent Result for the Class ................ 4

C. The Risks of the Litigation ................................................................. 5

D. The Skill Required and the Quality and Efficiency of the Work ......... 6

E. The Contingent Nature of the Case and the Financial Burden Carried by Class Counsel .................................................................................... 7

F. The Customary Fee ............................................................................. 7

G. A Lodestar Cross-Check Shows the Fee Request Is Reasonable ......... 8

H. The Reaction of The Class Supports the Requested Award ............... 9

IV. CLASS PLAINTIFFS' COUNSEL'S EXPENSES WERE REASONABLE, NECESSARY, AND SHOULD BE REIMBURSED ............................................ 9

V. THE AWARD TO CLASS PLAINTIFFS SHOULD BE APPROVED ....................... 11

VI. CONCLUSION ...................................................................................... 11



LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074
Tel (425) 868-7813 • Fax (425) 732-3752

# TABLE OF AUTHORITIES

## Cases

*Blum v. Stenson*, 465 U.S. 886 ........................................ 7

*Buccellato v. AT&T Operations, Inc.*, No. 10-0463, 2011 WL 4526673 (N.D. Cal. Jun. 30, 2011) ........................................ 11

*Destefano v. Zynga, Inc.*, No. 12-4007, 2016 U.S. Dist. LEXIS 17196 (N.D. Cal. Feb. 11, 2016) ........................................ 6, 10

*Dyer v. Wells Fargo Bank, N.A.*, 303 F.R.D. 326 (N.D. Cal. 2014) ........................................ 8

*Fischel v. Equitable Life Assur.*, 307 F.3d 997 (9th Cir. 2002) ........................................ 8

*Hensley v. Eckerhart*, 461 U.S. 424 (1983) ........................................ 4

*In re Activision Sec. Litig.*, 723 F. Supp. 1373 (N.D. Cal. 1989) ........................................ 2, 3

*In re Ashanti Goldfields Sec. Litig.*, No. 00-717, 2005 U.S. Dist. LEXIS 28431 (E.D.N.Y. Nov. 15, 2005) ........................................ 10

*In re Cendant Corp. Sec. Litig.*, 404 F.3d 173 (3d Cir. 2005) ........................................ 3

*In re Cont'l Ill. Sec. Litig.*, 962 F.2d 566 (7th Cir. 1992) ........................................ 3

*In re dj Orthopedics, Inc. Secs. Litig.*, No. 01-2238, 2004 U.S. Dist. LEXIS 11457 (S.D. Cal. Jun. 22, 2004) ........................................ 11

*In re Heritage Bond Litig.*, No. 02-1475, 2005 U.S. Dist. LEXIS 13627 (C.D. Cal. Jun. 10, 2005) ........................................ 9

*In re M.D.C. Holdings Sec. Litig.*, 1990 WL 454747 (S.D. Cal. 1990) ........................................ 7

*In re Mercury Interactive Corp. Sec. Litig.*, No. 05-3395, 2011 WL 826797 (N.D. Cal. Mar. 3, 2011) ........................................ 8

*In re Omnivision Tech.*, 559 F.Supp.2d 1036 (N.D. Cal. 2008) ........................................ 6, 8

*In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934 (9th Cir. 2015) ........................................ 4

*In re Union Carbide Corp. Consumer Prod. Bus. Sec. Litig.*, 724 F. Supp. 160 (S.D.N.Y. 1989) ........................................ 3



LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074
Tel (425) 868-7813 • Fax (425) 732-3752

*In re Verifone Holdings, Inc. Sec. Litig.*, No. 07-6140, 2014 U.S. Dist. LEXIS 20044 (N.D. Cal. Feb. 18, 2014)........ 8

*In re Veritas Software Corp. Sec. Litig.*, 396 Fed. App'x 815 (3d Cir. 2010)........ 11

*In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291 (9th Cir. 1994)........ 2, 5, 7

*Kerr v. Screen Actors Guild*, 526 F.2d 67 (9th Cir. 1975)........ 4

*Kirchoff v. Flynn*, 786 F.2d 320 (7th Cir. 1986) ........3

*Lehman v. Nelson*, No. 13-1835, ECF dkt. 96 at 14:2 (W.D. Wash. Aug. 4, 2015)........ 3

*Morris v. Lifescan, Inc.*, 54 Fed. App. 663 (9th Cir. 2003) ........4

*Norris v. Mazzola*, No. 15-4962, 2017 U.S. Dist. LEXIS 208610 (N.D. Cal. Dec. 19, 2017) ........6

*Patel v. Axesstel, Inc.*, No. 14-1037, 2015 U.S. Dist. LEXIS 146949 (S.D. Cal. Oct. 23, 2015) ........4

*Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268 (9th Cir. 1989) ........2, 3

*Steiner v. Am. Broad. Co.*, 248 F. App'x 780 (9th Cir. 2007) ........8

*Steinfeld v. Discover Fin. Servs.*, No. 12-1118, 2014 WL1309692 (N.D. Cal. Mar. 31, 2014) ........8

*Thornberry v. Delta Air Lines*, 676 F.2d 1240 (9th Cir. 1982) ........11

*Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1376 (9th Cir. 1993)........ 2, 3, 4, 8

*Vizcaino v. Microsoft Corp.*, 290 F.3d 1043 (9th Cir. 2002)........ 4, 8, 9

**Statutes and Other**

15 U.S.C. §78u-4(a)(4) ........11

15 U.S.C. § 78u-4(a)(6) ........3

Richard Posner, *Economic Analysis of Law*, §21.9, at 534-35 (3d ed.1986) ........7



LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074
Tel (425) 868-7813 • Fax (425) 732-3752

Class Plaintiffs, through their counsel, move for an order:

(1) awarding attorneys' fees of 25% of the Settlement Amount;

(2) granting reimbursement of $405,476.42 in litigation expenses; and

(3) awarding Class Plaintiffs $10,000 each.[1]

## I. INTRODUCTION

Class Counsel have reached a $24 million cash settlement with Defendants Juno Therapeutics, Hans E. Bishop, Steven D. Harr and Mark J. Gilbert. The fee request of 25% of the Settlement Amount is exactly the benchmark in the Ninth Circuit.

By any measure, the Settlement is a good result for the Class, avoiding the considerable risks of summary judgment, trial, and appeal. The Settlement amount represents up to 16.22% of Class Plaintiffs' ***best-case*** estimate of potential damages recoverable from Defendants. This is above the average for cases of this type.

The reaction of the Class strongly supports the requested fees and expenses. The deadline to file objections and to request exclusion to the Settlement is November 2, 2018—about 2 weeks after the filing of this motion. To date, in response to the Notice of Pendency, the Settlement Administrator received no objections and only 4 requests to opt out; and in response to the Notice of Proposed Settlement, the Settlement Administrator received no objections and only 1 request to opt out. Schachter Decl. ¶¶ 9, 18 (Dkt. 126-1).

Pursuant to the Preliminary Approval Order (Dkt. 121), the Settlement Administrator mailed 40,931 notice forms to Class Members. *See* Schachter Decl. ¶ 15. The Notice expressly informed Class Members that Class Counsel intended to apply for an award of attorneys' fees of up to 25% of the Settlement Amount and an award to Class Plaintiffs not to exceed $10,000 each, and that Class Counsel would seek reimbursement of their out-of-pocket expenses not to exceed $500,000. To date, the Class seems satisfied.

---

[1] Class Plaintiffs' motion for an award of attorneys' fees, reimbursement of litigation expenses, and Class Plaintiff awards is to be considered separately from the fairness, reasonableness, and adequacy of the Settlement as a whole. Stipulation of Settlement, § XIII.C.



LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074
Tel (425) 868-7813 • Fax (425) 732-3752

Though 25% of the Settlement Amount is the benchmark in the Ninth Circuit, the fairness and reasonableness of the fee request is further confirmed when cross-checked with counsel's lodestar. Class Counsel and Liaison Counsel spent a total of 4,866.8 hours of professional time, having a market value of approximately $2,724,458.25, in continuing to prosecute the claims in this litigation. Smollar Fee Decl. ¶ 6; Cantor Decl. ¶ 9 (Dkt. 126-6, 126-7).

An award of 25% of the Settlement Amount will result in a lodestar multiplier of approximately 2.20, which is well within the range of reasonable multipliers that courts in the Ninth Circuit routinely award.

Class Counsel respectfully submit that attorneys' fees of 25% of the Settlement Amount, reimbursement of their litigation expenses, and awards of $10,000 to each of the two Class Plaintiffs are fair and reasonable under applicable legal standards and should be awarded by the Court.

## II. THE "PERCENTAGE OF THE FUND" APPROACH IS APPROPRIATE FOR AWARDING ATTORNEYS' FEES

### A. The Guiding Principle for Fee Awards

A "lawyer who creates a common fund" is entitled to fees from "those upon whom he has conferred a benefit." *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 271 (9th Cir. 1989). The guiding principle for determining the amount of a fee award in a common-fund case is that the fee should be "reasonable under the circumstances." *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1296 (9th Cir. 1994) ("*WPPSS*") (citation omitted).

### B. The Percentage-of-the-Fund Approach

The Ninth Circuit expressly approves the use of the percentage-of-the-fund method for awarding fees in common fund cases. *Paul, Johnson*, 886 F.2d 268; *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1376 (9th Cir. 1993).

District courts in this Circuit have almost uniformly shifted to the percentage-of-the-fund method in awarding fees in class actions. There are good reasons why district courts do so:

First, the percentage-of-the-fund method is consistent with practice in the private



LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074
Tel (425) 868-7813 • Fax (425) 732-3752

marketplace where contingent fee attorneys are customarily compensated by a percentage of the recovery.[2]

Second, the percentage-of-the-fund method more closely aligns the lawyers' interest in being paid a fair fee with the interest of the class in achieving the maximum possible recovery in the shortest amount of time required under the circumstances.[3]

Third, the percentage-of-the-fund method decreases the burden imposed on court (by avoiding a detailed and time-consuming lodestar analysis), while assuring that the beneficiaries do not experience unnecessary delay in receiving their share of the settlement. *See Activision Sec.*, 723 F. Supp. at 1378-79.[4]

Fourth, in securities-fraud cases subject to the PSLRA—like this case—the plain text of the PSLRA provides that class counsel is entitled to attorneys' fees that represent a "reasonable percentage" of the damages recovered by the class. *See* 15 U.S.C. § 78u-4(a)(6). *See also In re Cendant Corp. Sec. Litig.*, 404 F.3d 173, 188 n.7 (3d Cir. 2005) ("[T]he PSLRA has made percentage-of-recovery the standard for determining whether attorney's fees are reasonable.").

**C. The Ninth Circuit Benchmark Award Is 25%**

In common fund cases in the Ninth Circuit, 25% of the fund is the benchmark award for attorney fees. *Paul, Johnson*, 886 F.2d at 273; *Torrisi*, 8 F.3d at 1376 ("In common fund cases such as this, we have established 25% of the common fund as the 'benchmark' award for attorney

---

2 *In re Activision Sec. Litig.*, 723 F. Supp. 1373 (N.D. Cal. 1989) (noting that in the marketplace, attorneys and their clients routinely negotiate 25% to 430% percentage fees); *In re Cont'l Ill. Sec. Litig.*, 962 F.2d 566, 572 (7th Cir. 1992) ("The class counsel are entitled to the fee they would have received had they handled a similar suit on a contingent fee basis, with a similar outcome, for a paying client.").

3 *See Kirchoff v. Flynn*, 786 F.2d 320, 325-26 (7th Cir. 1986) ("The lawyer gains only to the extent his client gains... ensur[ing] a reasonable proportion between the recovery and the fees assessed to the defendants . . . reward[ing] exceptional success . . . [and] penaliz[ing] failure.").

4 *See also In re Union Carbide Corp. Consumer Prod. Bus. Sec. Litig.*, 724 F. Supp. 160, 170 (S.D.N.Y. 1989) ("straight contingent fee awards [are] bereft of largely judgmental and time-wasting computations of lodestars and multipliers").



LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074
Tel (425) 868-7813 • Fax (425) 732-3752

fees.”): *Lehman v. Nelson*, No. 13-1835, Dkt. 96 at 14:2 (W.D. Wash. Aug. 4, 2015) (order granting fees; other portions later modified on reconsideration) (Martinez, J.) (“The Ninth Circuit has adopted a 25% benchmark for attorney’s fee awards in cases with a common fund recovery.”).

District courts in the Ninth Circuit often award percentages higher than the 25% benchmark. *See, e.g.*, *Patel v. Axesstel, Inc.*, No. 14-1037, 2015 U.S. Dist. LEXIS 146949, *21 (S.D. Cal. Oct. 23, 2015) (awarding 30% fees in a securities-fraud class action based on “the complexity of securities litigation, the lodestar crosscheck, and the lack of any objection from the class members.”).; *Morris v. Lifescan, Inc.*, 54 Fed. App. 663, 664 (9th Cir. 2003) (affirming 33% fee); *Torrisi*, 8 F.3d at 1376 (affirming fee of 25% of $30 million settlement, with lodestar of $3 million).

The 25% attorney fee requested here is exactly the Ninth Circuit benchmark. It is squarely within the range of percentages courts in this Circuit award in similar securities-fraud class action settlements.

## III. A BENCHMARK AWARD OF 25% OF THE SETTLEMENT AMOUNT IS REASONABLE IN THIS CASE

### A. Factors for Determining Reasonableness

District courts consider some or all of the following non-exclusive list of factors in determining a “reasonable” percentage to award as a percentage of the fund:

> [T]he extent to which class counsel achieved exceptional results for the class, whether the case was risky for class counsel, whether counsel's performance generated benefits beyond the cash settlement fund, the market rate for the particular field of law (in some circumstances), the burdens class counsel experienced while litigating the case (e.g., cost, duration, foregoing other work), and whether the case was handled on a contingency basis.

*In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 954-55 (9th Cir. 2015) (internal quotation marks omitted) (citing *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043 1047-50 (9th Cir. 2002). *Accord*, *Kerr v. Screen Actors Guild*, 526 F.2d 67, 70 (9th Cir. 1975).

Focusing on these and other factors that are relevant here, a benchmark fee award of 25%



LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074
Tel (425) 868-7813 • Fax (425) 732-3752

of the Settlement Amount is reasonable.

**B. Class Counsel Achieved an Excellent Result for the Class**

Courts consistently recognize that the result achieved is perhaps the major factor in making a fee award. *E.g., Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983) (the "most critical factor is the degree of success obtained").

The payment of $24 million in cash to the Class provides an excellent recovery under the circumstances. Class Plaintiffs, after consulting with experts, estimate that the $24 million Settlement represents up to 16.22% of maximum potential damages if the Class achieved a highly favorable outcome at trial and on appeal. (*See* Dkt. 120 at 4:10-19.) This range is well above average (discussed in the next paragraph). Therefore, the Settlement represents a significant recovery for the Class.

This settlement compares favorably with the median securities class action settlement between 2007 and 2016. According to Stanford University and Cornerstone Research, a defendant-oriented economic consultancy, the median securities class action settlement during those years ranged between 1.8% and 2.8% of estimated damages.[5] The much higher percentage recovery here of up to 16.22% of damages is an outstanding result for the Class and justifies a benchmark award of 25% of the Settlement Amount.

**C. The Risks of the Litigation**

Courts recognize that the risk of litigation is an important factor in determining a fee award. *See, e.g., WPPSS*, 19 F.3d at 1299-1300.

Here, Class Plaintiffs faced significant risks as to both liability and damages. A jury might easily find that Defendants did not commit fraud or bore no responsibility for it, or the Court might rule that damages are lower than the Class's calculation.

In addition, Class Plaintiffs faced other considerable risks at trial. This is a complex case that involves complicated assessments about the root cause of patient deaths in novel clinical

---

[5] *See* http://securities.stanford.edu/research-reports/1996-2016/Settlements-Through-12-2016-Review.pdf.



LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074
Tel (425) 868-7813 • Fax (425) 732-3752

trials that seek to treat terminally-ill patients. Documentary and expert evidence that the parties may present at trial would be similarly complex.

Class Plaintiffs recognize that evidence produced in discovery may be susceptible to different interpretations, including an interpretation favorable to Defendants regarding whether they made any materially false and misleading statements or acted with the requisite state of mind (scienter). Class Plaintiffs would also face trial challenges concerning proof of control, loss causation, liability, and damages; and even if successful at trial, would have still faced the risk of an unfavorable ruling in a dispositive post-trial motion or a reversal on appeal.

Given the various risks in this Action and the strengths and weaknesses of the claims asserted against Defendants, the $24 million Settlement is highly favorable and in the best interests of the Class.

**D. The Skill Required and the Quality and Efficiency of the Work**

The "prosecution and management of a complex national class action requires unique legal skills and abilities." *In re Omnivision Tech.*, 559 F.Supp.2d 1036, at 1047 (N.D. Cal. 2008). "This is particularly true in securities cases because the Private Securities Litigation Reform Act makes it much more difficult for securities plaintiffs to get past a motion to dismiss." *Destefano v. Zynga, Inc.*, No. 12-4007, 2016 U.S. Dist. LEXIS 17196, *59 (N.D. Cal. Feb. 11, 2016) (citing *Omnivision*). The quality of Class Counsel's work on this case is reflected in the excellent result obtained. *See Norris v. Mazzola*, No. 15-4962, 2017 U.S. Dist. LEXIS 208610, *39 (N.D. Cal. Dec. 19, 2017) ("that Class Counsel have significant experience in this field … further indicates that the fee request is reasonable").

Class Counsel has extensive, significant, and highly focused experience in the field of securities class action litigation. "The quality of opposing counsel is also relevant to the quality and skill that class counsel provided …" *Zynga, Inc.*, 2016 U.S. Dist. LEXIS 17196, *59. Plaintiffs were opposed in this litigation by the nationally respected firm of Cravath, Swaine & Moore LLP, which mounted a skillful and aggressive defense.

At every stage of the proceedings, Class Counsel had to perform with a high level of skill,



LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074
Tel (425) 868-7813 • Fax (425) 732-3752

efficiency, and professionalism. In the face of strong opposition from a highly respected securities defense firm, Class Counsel successfully conducted effective discovery, obtained class certification, and settled the claims in this Action on an excellent basis for the Class. Such quality, efficiency, and dedication should be rewarded.

**E. The Contingent Nature of the Case and the Financial Burden Carried by Class Counsel**

The Ninth Circuit recognizes that the determination of a fair fee must include consideration of the contingent nature of the fee and the difficulties that were overcome in obtaining the settlement:

> It is an established practice in the private legal market to reward attorneys for taking the risk of non-payment by paying them a premium over their normal hourly rates for winning contingency cases.

*See* Richard Posner, *Economic Analysis of Law*, §21.9, at 534-35 (3d ed.1986). Contingent fees in risky cases that may exceed the market value of the services if rendered on a non-contingent basis are accepted in the legal profession as a legitimate way of assuring competent representation for plaintiffs who could not afford to pay on an hourly basis regardless of whether they win or lose. *WPPSS*, 19 F.3d at 1299.

Class Counsel has received no compensation over the course of the litigation against Defendants and have incurred significant expenses in litigating for the benefit of the Class. Any fee award or expense reimbursement to Class Counsel has always been at risk and completely contingent on the result achieved and on this Court's exercise of its discretion in making any award.

**F. The Customary Fee**

If this were not a class action, the customary fee arrangement would be contingent, on a percentage basis, and in the range of 30% to 40% of the recovery. *See, e.g., Blum v. Stenson*, 465 U.S. 886, 903 n."*" (concurrence) ("In tort suits, an attorney might receive one-third of whatever amount the plaintiff recovers. In those cases, therefore, the fee is directly proportional to the



LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074
Tel (425) 868-7813 • Fax (425) 732-3752

recovery."); *In re M.D.C. Holdings Sec. Litig.*, 1990 WL 454747, *7 (S.D. Cal. 1990) ("In private contingent litigation, fee contracts have traditionally ranged between 30% and 40% of the total recovery."); Thus, the customary contingent fee in the private marketplace—30% to 40% of the fund recovered—is even greater than the 25% fee requested in this case, evidencing that Class Counsel's request is reasonable.

The 25% fee requested is within the range of fees awarded by the courts in the Ninth Circuit in cases with similar recoveries.[6]

Under the circumstances present here, a fee award of 25% of the Settlement Amount is fair and reasonable.

**G. A Lodestar Cross-Check Shows the Fee Request Is Reasonable**

Courts often compare an attorney's lodestar with a fee request made under the percentage of the fund method as a "cross-check" on the reasonableness of the requested fee. *See, e.g.*, *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1050 (9th Cir. 2002); *Fischel v. Equitable Life Assur.*, 307 F.3d 997, 1007 (9th Cir. 2002). "[T]he lodestar calculation can be helpful in suggesting a higher percentage when litigation has been protracted [and] may provide a useful perspective on the reasonableness of a given percentage award." *Vizcaino*, 290 F. 3d at 1050.

Here, a 25% fee award would result in a multiplier that is reasonable in this Circuit. The

---

[6] *See Vizcaino*, 290 F.3d at 1051-52 (approving 28% fee representing a 3.65 multiple of lodestar for a $97 million settlement, and listing twenty-three shareholder settlements in which the average multiplier was 3.28); *Torrisi*, 8 F.3d at 1376 (affirming fee of 25% of $30 million settlement, with lodestar of $3 million and resulting multiplier of 2.5); *Steiner v. Am. Broad. Co.*, 248 F. App'x 780, 783 (9th Cir. 2007) (upholding 25% fee resulting in multiplier of 6.85, finding that it "falls well within the range of multipliers that courts have allowed" for a $25.4 million settlement); *In re Verifone Holdings, Inc. Sec. Litig.*, No. 07-6140, 2014 U.S. Dist. LEXIS 20044, at *11 (N.D. Cal. Feb. 18, 2014) (approving $19 million fee resulting in a multiplier of 4.3 for a $95 million settlement); *In re Mercury Interactive Corp. Sec. Litig.*, No. 05-3395, 2011 WL 826797, at *2 (N.D. Cal. Mar. 3, 2011) (lodestar cross-check multiplier of 3.08 "is within the acceptable range"); *OmniVision*, 559 F. Supp. 2d at 1048 ("[C]ourts have approved multipliers ranging between 1 and 4."); *Steinfeld v. Discover Fin. Servs.*, No. 12-1118, 2014 WL1309692, at *2-3 (N.D. Cal. Mar. 31, 2014) (finding a 3.5 multiplier reasonable); *Dyer v. Wells Fargo Bank, N.A.*, 303 F.R.D. 326, 334 (N.D. Cal. 2014) (approving a fee that resulted in multiplier of 2.83).



LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074
Tel (425) 868-7813 • Fax (425) 732-3752

total lodestar for Plaintiffs' counsel for all work done in this Action through October 17, 2018 is 2,724,458.25. Smollar Fee Decl. ¶ 6; Cantor Decl. ¶ 9 (Dkt. 126-6, 126-7). Thus, counsel's fee request of 25% of the Settlement Amount, or $6,000,000, is approximately 2.20 times the lodestar. Courts in this Circuit have routinely found that such a multiplier is well within the acceptable range. *See supra* at n.5.

For example, in *Vizcaino,* 290 F.3d at 1051-52 the Ninth Circuit affirmed Judge Coughenour's 28% fee award in a $97 million settlement. The objectors/appellants' "principal quarrel [wa]s with the district court's lodestar cross-check, which resulted in a multiplier of 3.65." *Id.* The Ninth Circuit affirmed, listing twenty-three shareholder settlements in which the average multiplier was 3.28. *Id.* at 1050 n.4.

**H. The Reaction of The Class Supports the Requested Award**

The Claims Administrator mailed 40,931 copies of the Court-approved Notice to Class Members. Schachter Decl., ¶ 15 (Dkt. 126-1). The Notice was also published via PR Newswire, and was made available to the public on the Claims Administrator's website. *Id.* at ¶¶ 16-17. Class Members were informed in the Notice that Class Counsel would apply for attorneys' fees of up to 25% of the Settlement Amount and were advised of their right to object to Class Counsel's fee request.

To date, there have been only 4 requests to opt out in response to the Notice of Pendency, 1 request to opt out from the Settlement, and no objections to the fee request. *Id.* at ¶¶ 9, 18.

Courts have recognized that "[t]he presence or absence of objections from the class is also a factor in determining the proper fee award." *In re Heritage Bond Litig.*, No. 02-1475, 2005 U.S. Dist. LEXIS 13627, *48-50 (C.D. Cal. Jun. 10, 2005) ("conclud[ing] that the lack of significant objections to the requested fees justifies an award of one-third of the Settlement Fund[,] particularly where the number of objections to the fee was "remarkably small given the wide dissemination of notice.").



LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074
Tel (425) 868-7813 • Fax (425) 732-3752

## IV. CLASS PLAINTIFFS' COUNSEL'S EXPENSES WERE REASONABLE, NECESSARY, AND SHOULD BE REIMBURSED

Class Plaintiffs' counsel's expenses are reasonable, consistent with the out-of-pocket expenses that clients typically pay in complex litigation of this type, and were necessarily incurred to achieve the $24 million gross recovery for the Class. Class Plaintiffs' Counsel has incurred litigation expenses of $405,476.42, for which they have not been reimbursed to date. Smollar Fee Decl. ¶ 8 & Ex. 2; Cantor Decl. ¶ 11 & Ex. A (Dkt. 126-6, 126-7).

The amount requested is substantially less than that identified in the Notice, which apprised the Class Members that Class Plaintiffs' counsel would seek expenses in an amount not to exceed $500,000. To date, no Class Member has objected to that request.

These expenses should be reimbursed. Consistent with other jurisdictions, "courts throughout the Ninth Circuit regularly award litigation costs and expenses—including photocopying, printing, postage, court costs, research on online databases, experts and consultants, and reasonable travel expenses—in securities class actions, as attorneys routinely bill private clients for such expenses in non-contingent litigation." *Zynga*, 2016 U.S. Dist. LEXIS 17196, *73. Class Plaintiffs' counsel has pursued this litigation knowing that its outstanding expenses could only be reimbursed (without interest) if the Class won at trial or obtained a settlement. Class Plaintiffs' counsel has had no incentive to incur—and did not incur—unnecessary expenses.

The expenses for which Class Plaintiffs' counsel seek reimbursement were all necessary for the successful prosecution and resolution of the Action on behalf of the Class, and are of the type routinely charged to paying clients. Therefore, these expenses should be reimbursed out of the common fund.

The largest expense was for experts retained to address significant matters in this litigation. Dr. Zachary Nye of Stanford Consulting Group provided a market efficiency analysis, a damages analysis, a loss causation analysis, and assisted with the plan of allocation, at a cost of $291,618. Lynn Turner of Hemming Morse and Thomas Ray provided accounting expertise, at a cost of $210,291.01. These expenses are consistent with those reimbursed in other similarly complex



LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074
Tel (425) 868-7813 • Fax (425) 732-3752

securities fraud litigations that have progressed to discovery. *See, e.g., In re Ashanti Goldfields Sec. Litig.*, No. 00-717, 2005 U.S. Dist. LEXIS 28431, *15-16 (E.D.N.Y. Nov. 15, 2005) (granting reimbursement of $1,377,825.93 in litigation expenses and noting "the largest expense, totaling over $500,000, was for the services of expert witnesses. . . . This is not unusual in securities litigation actions.").

Reimbursement is also proper with respect to the other requested expenses. Air travel, lodging and costs incidental to travel such as meals, taxis and parking, are routinely reimbursed. *See, e.g., Thornberry v. Delta Air Lines*, 676 F.2d 1240, 1244 (9th Cir. 1982), *vacated on other grounds*, 461 U.S. 952 (1983); *In re dj Orthopedics, Inc. Secs. Litig.*, No. 01-2238, 2004 U.S. Dist. LEXIS 11457, *21 (S.D. Cal. Jun. 22, 2004) (In addition to awarding fees of 25% of the gross fund, "[t]he request for reimbursement of expenses is supported by declarations and documentation and is not challenged by any party or plaintiff. This court finds the request to be reasonable and appropriate. Hence, the court GRANTS Plaintiffs' counsel's request for reimbursement of expenses in the amount of $ 397,916.74.").

## V. THE AWARD TO CLASS PLAINTIFFS SHOULD BE APPROVED

Class Plaintiffs Nguyen and Tan also request that the Court award them $10,000 each to compensate for the significant additional time each expended in representing the Class in the prosecution of claims against Defendants. The PSLRA provides that courts are empowered to approve such awards to reimburse plaintiffs for reasonable costs and expenses related to the representation of the class. *See* 15 U.S.C. §78u-4(a)(4).

Class Plaintiffs each met with counsel to prepare for a deposition and sat for a deposition, produced documents in response to Defendants' discovery requests, communicated with counsel about the Action and helped evaluate settlement proposals. (Dkt. 126-4, 126-5).

Courts routinely award lead plaintiffs more than the total requested here. *See, e.g., In re Veritas Software Corp. Sec. Litig.*, 396 Fed. App'x 815, 816 (3d Cir. 2010) ($15,000 for each lead plaintiff); *Buccellato v. AT&T Operations, Inc.*, No. 10-0463, 2011 WL 4526673, *4 (N.D. Cal. Jun. 30, 2011) ($20,000 to lead plaintiff, $5,000 to class representatives).



LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074
Tel (425) 868-7813 • Fax (425) 732-3752

In short, an award of $10,000 to each Class Plaintiff is appropriate.

## VI. CONCLUSION

Securities class actions are complex and laden with risk. Many times class counsel, after expending thousands of hours of time and hundreds of thousands of dollars of expenses, receives no compensation whatsoever. Here, there was no guarantee that Class Plaintiffs' claims against Defendants would bear any fruit.

This complex litigation has been extremely hard-fought, with Defendants represented by experienced and equally determined counsel. Without any assurance of success, Class Plaintiffs and their counsel pursued their claims to an exceptional conclusion. This Settlement represents an excellent recovery for the Class and reflects the skill, dedication, and tenacity of Class Counsel.

Class Counsel respectfully request that the Court approve the fee and expense application and enter the Order submitted herewith awarding Class Counsel 25% of the Settlement Amount plus reimbursement of $405,476.42 of expenses, and an award of $10,000 each to Class Plaintiffs Nguyen and Tan.

Dated: October 17, 2018

Respectfully submitted,

/s/ *Cliff Cantor*

By: Cliff Cantor, WSBA # 17893
LAW OFFICES OF CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074
Tel: (425) 868-7813
Fax: (425) 732-3752
Email: cliff.cantor@outlook.com

*Liaison Counsel for Plaintiffs*

POMERANTZ LLP
Patrick V. Dahlstrom
Leigh H. Smollar
Omar Jafri
10 South LaSalle Street, Suite 3500
Chicago, IL 60603
Tel: (312) 377-1181
Fax: (312) 229-8811

Email: pdahlstrom@pomlaw.com
lsmollar@pomlaw.com
ojafri@pomlaw.com

*Lead Counsel for Plaintiffs*

Certificate of Service

I certify that, on the date stamped above, I caused this motion, along with its accompanying declarations and exhibits thereto, to be filed with the Clerk of the Court via the CM/ECF system, which will email notification of filing to all counsel of record.

/s/ *Cliff Cantor*, WSBA # 17893



LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074
Tel (425) 868-7813 • Fax (425) 732-3752