UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| In re JUNO THERAPEUTICS, INC. | No. C16-1069-RSM<br><br>**JUDGMENT AND ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |

WHEREAS, this matter came before the Court for hearing on November 11, 2018, pursuant to the Order of Preliminary Approval entered August 8, 2018, Dkt. #121, on the application of the parties for final approval of the settlement as set forth in the Stipulation; and

WHEREAS, the Court has heard all persons properly appearing and requesting to be heard, read and considered the motion and supporting papers, and found good cause appearing;

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1. This Order incorporates by reference the definitions in the Stipulation, and all capitalized terms used in this Order that are not otherwise identified herein have a meaning assigned to them as set forth in the Stipulation.

2. The Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all Class Members.

JUDGMENT & ORDER
No. C16-1069 RSM

-1-

Law Offices of
Clifford A. Cantor, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

3.     On November 11, 2018, the Court held a Final Approval Hearing, after due and proper notice, to consider the fairness, reasonableness and adequacy of the proposed Stipulation. In reaching its decision in this Action, the Court considered the Parties' Stipulation, the Court file in this case, and the presentations by Class Counsel on behalf of the Class Plaintiffs and the Class and counsel for Defendants in support of the fairness, reasonableness, and adequacy of the Settlement.

4.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby reaffirms its prior decision certifying the following Class:

> All persons or entities that purchased or otherwise acquired publicly traded common stock of Juno Therapeutics, Inc. ("Juno") from June 4, 2016 through November 22, 2016, both dates inclusive (the "Class Period").

5.     Excluded from the Class are any parties who are or have been Defendants in this litigation, the present and former officers and directors of Juno and any subsidiary thereof, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which any current or former Defendant has or had a controlling interest.  Also excluded from the Class are those persons who timely and validly requested exclusion from the Class.

6.     In the Order of Preliminary Approval, the Court preliminarily approved the Notice and found that the proposed form and content of the Notice to the Class Members satisfied the requirements of due process, as well as the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u4(a)(7).  The Court reaffirms that finding and holds that the best practicable notice was given to Class Members under the circumstances and constitutes due and sufficient notice of the Settlement, Stipulation in support thereof, and Final Approval Hearing to all persons affected by and/or entitled to participate in the Stipulation or the Final

JUDGMENT & ORDER
No. C16-1069 RSM

-2-

Law Offices of
Clifford A. Cantor, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

Approval Hearing. Furthermore, the Court hereby affirms that due and sufficient notice has been given to the appropriate State and Federal officials pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C § 1715.

7. The Court has determined that the Stipulation is fair, reasonable, and adequate and is hereby finally approved in all respects. In making this determination, the Court has considered factors with respect to fairness, which include "(1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; (8) the reaction of the class members to the proposed settlement," and the absence of collusion in the settlement procedure. *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004). The Court has considered the submissions of the Parties along with the Court file, all of which show that there remains substantial risk and uncertainty in the Class ultimately prevailing on its claims. Given the considerable open issues, the benefits available directly to the Class Members represent a fair, reasonable, and adequate resolution that can be summarized as follows:

8. The Defendants have agreed to cause $ 24,000,000 in cash (the "Settlement Amount" or "Settlement Consideration") to be paid for the benefit of the Class. Among other things, the recovery of individual Class Members depends on the number of shares of Juno common stock those Class Members purchased and sold and the prices at which Class Members who filed claims purchased and sold those shares.

9. The Court finds that the proposed Plan of Allocation is fair, just, reasonable, and adequate, and is finally approved in all respects.

JUDGMENT & ORDER
No. C16-1069 RSM

-3-

Law Offices of
Clifford A. Cantor, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

10. The Court finds that there were zero objections filed to the Settlement.

11. In addition to finding the terms of the Settlement to be fair, reasonable, and adequate, the Court determines that there was no fraud or collusion between the parties or their counsel in negotiating the Settlement's terms, and that all negotiations were made at arm's length. Furthermore, the terms of the Settlement make it clear that the process by which the Settlement was achieved was fair. Finally, there is no evidence of unethical behavior, want of skill, or lack of zeal on the part of Class Counsel.

12. This Order and Final Judgment shall be binding on all Class Members, including Class Plaintiffs, except for the Class Members who filed valid exclusions, as listed on **Exhibit A**, attached hereto. Further, the Action and Released Plaintiffs' Claims are hereby dismissed with prejudice. The parties are to bear their own costs, except as otherwise provided in the Stipulation.

13. Upon the Effective Date, the Class Plaintiffs, on behalf of themselves, and on behalf of each Class Member, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Plaintiffs' Claims against Released Persons, whether or not any individual Class Member executes and delivers the Proof of Claim and Release Form.

14. Upon the Effective Date, the Class Plaintiffs, each Class Member and anyone claiming through or on behalf of any of them, by operation of the Judgment, shall be forever barred and enjoined from commencing, instituting, or continuing to prosecute any action or any proceeding in any court of law or equity, arbitration, tribunal, administrative forum, or other forum of any kind asserting any of the Released Plaintiffs' Claims against any of the Released Persons.

JUDGMENT & ORDER
No. C16-1069 RSM
-4-
LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

15. Upon the Effective Date, Defendants, on behalf of themselves and Defendants' Related Persons, shall hereby be deemed to have, and by operation of this Order shall have, fully, finally, and forever, released, relinquished, settled and discharged the Lead Plaintiff, the Class Members, their attorneys, and the Released Plaintiffs' Parties from the Released Defendants' Claims and shall be permanently barred and enjoined from instituting, commencing, or prosecuting any Released Defendants' Claim against any of them directly, indirectly or in any other capacity.

16. The Court finds and concludes that during the course of this Action, the Defendants, Lead Plaintiff, and their respective counsel complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure. No such party or their respective counsel violated any of the requirements of Rule 11 of the Federal Rules of Civil Procedure with respect to any of the complaints filed in this Action, any responsive pleadings to any of the above complaints or any motion with respect to any of the above complaints. The Court further finds that the Class Plaintiffs and Class Counsel adequately represented the Class Members for purposes of entering into and implementing the Settlement.

17. The Court hereby awards Plaintiffs' Counsel attorneys' fees of **$6,000,000** plus reimbursement of their expenses in the amount of **$405,476.42**, together with the interest earned thereon for the same time period and at the same rate as that earned on the Settlement Fund until paid. The Court finds that the amount of fees awarded is appropriate under the percentage-of-the-fund approach, cross-checked by the lodestar approach, and that the amount of fees awarded is fair and reasonable given the contingent nature of the case and the substantial risks of non-recovery, the quality of the work performed, the time and effort involved, and the result obtained for the Class.

JUDGMENT & ORDER
No. C16-1069 RSM
-5-

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

18. The Court hereby awards the Class Plaintiffs a reimbursement award totaling $20,000. Specifically, Lead Plaintiff Gilbert Hoang Nguyen is awarded **$10,000** and Class Representative Susan Tan is awarded **$10,000**.

19. Without affecting the finality of this Final Approval Order and Judgment, the Court reserves continuing and exclusive jurisdiction over all matters relating to the administration, implementation, effectuation, and enforcement of the Settlement.

20. There is no just reason for delay in the entry of this Order and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Dated: November 20, 2018.

                                                       _____
                                                       RICARDO S. MARTINEZ
                                                       CHIEF UNITED STATES DISTRICT JUDGE

Presented by:

s/ *Cliff Cantor*, WSBA # 17893
Law Offices of Clifford A. Cantor, P.C.
627 208th Ave. SE
Sammamish, WA 98074
Tel:   (425) 868-7813
Fax:   (425) 732-3752
Email: cliff.cantor@outlook.com

JUDGMENT & ORDER
No. C16-1069 RSM                       -6-

Law Offices of
Clifford A. Cantor, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752

<u>Exhibit A</u>

1. Billy Chevy

2. Weibin Zha

3. Huijuan Dou

4. Casey Ryan Miller

5. Samuel C. Kim

JUDGMENT & ORDER
No. C16-1069 RSM

-7-

Law Offices of
Clifford A. Cantor, P.C.
627 208th Avenue SE
Sammamish, Washington 98074-7033
Tel: (425) 868-7813 • Fax: (425) 732-3752